## Gilbert v. Kentucky Children's Home Society.

(Decided November 11, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Courts—Chancery Court Held Without Jurisdiction Over Child Adjudged Neglected or Dependent by County Court.—Where chancery court in divorce case was not asked, and did not undertake to make, any order respecting custody of child, and pending such action county court adjudged child to be neglected or dependent, and committed it to custody of children's home, chancery court was ousted of all jurisdiction over child, in view of Kentucky Statutes, section 331e-2.

MATT J. HOLT for appellant.

DAVIES, PAGE & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In October, 1912, Albert L. Clark brought suit in the Jefferson circuit court, chancery branch, second division, to obtain a divorce from his wife, Edith Richards Clark, on the ground of such lewd and lascivious behavior as proved her to be unchaste. Mrs. Clark denied the allegations in the petition, and counterclaimed for divorce on the ground of cruel and inhuman treatment. On final hearing, the chancellor granted a divorce to the husband,

but made no order respecting the custody of their daughter, then an infant only a few months of age. During the pendency of the action for divorce the child's maternal grandmother, who then had charge of her, instituted a proceeding against the mother and the child in the Jefferson county court. By appropriate orders, that court committed the mother, then sixteen years of age, to the reformatory for girls at Greendale, and the child to the custody of the Kentucky Children's Home Society, which afterwards placed the child in the care of a couple then living in Kentucky, but who have since moved to the state of New Jersey. Some time later, the mother was released from the reformatory and became the wife of Grady Gilbert, of Dayton, Ohio, where she now resides.

About ten years after the child was committed to the custody of the Kentucky Children's Home Society, Mrs. Gilbert filed her petition and affidavit praying for the custody of her child, and that the Kentucky Children's Home Society be required to disclose the present custodian of the child, and asked for rule against the Kentucky Children's Home Society to show cause why it should not comply with the prayer of the petition. Her former husband and George L. Sehon, the superintendent of the Kentucky Children's Home Society, were also made parties, but no process was served on the former. In her petition and affidavit she alleged that she was now the wife of Grady Gilbert, and resided in Dayton, Ohio; that she was a woman of good character; that her husband was employed by the Dayton City Railway; that she herself was employed in a jewelry store and made approximately $100.00 per month; that she had sufficient means to take care of her daughter, and would educate and clothe her, and give her proper parental supervision and control; that she never gave her consent to the separation from her child or to the adoption of it by another; that the order of the county court committing the child to the society was made "over her express protest;" that the child had never been adopted by any person; and, that George L. Sehon had declined to tell her where the child was, or who had the custody of her, and that the child was not with her former husband.

In its response the Kentucky Children's Home Society challenged the jurisdiction of the court for the reasons thereinafter set out. It then set up the proceedings in the county court, and pleaded in substance that it had placed the child in the home of a married couple, then

resident in Kentucky, that the child had been receiving and was then receiving the most devoted care and attention, and that without the knowledge or consent of the society the foster parents had moved from Kentucky to New Jersey where they then resided.   Being of the opinion that he was without jurisdiction, the chancellor overruled the demurrer to the response, and discharged the rule.   From that order this appeal is prosecuted.

If this were a contest between appellant and her former husband, or some third person to whom the chancery court had committed the custody of the child, and the neglect or dependency of the child were not involved, a different question would be presented, but the case is not of that character.   In the first place, the chancery court was not asked, nor did it undertake, to make any order in the divorce suit respecting the custody of the child.   While that action was pending, and ten years before this proceeding was begun, the Jefferson county court adjudged the infant to be dependent or neglected, and committed it to the custody of the Kentucky Children's Home Society.   The statute makes the jurisdiction of county courts exclusive in all cases of "dependent," "neglected," or "delinquent," children, Kentucky Statutes, 331e-2, and the jurisdiction of the Jefferson county court having been properly invoked and sustained, and the status of the infant in question having been fixed as that of a "neglected" or "dependent" child, the necessary effect of the order was to oust the chancery court of all jurisdiction over the child. Strangway v. Allen, 194 Ky. 681, 240 S. W. 384.

Judgment affirmed.